# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JACQUELYN THOMPSON,

    Plaintiff,

vs.                                    CASE NO.:

G4S SECURE SOLUTIONS (USA) INC.,
a Florida company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JACQUELYN THOMPSON, by and through her undersigned counsel, sues the Defendant, G4S SECURE SOLUTIONS (USA) INC., a Florida company and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, JACQUELYN THOMPSON ("Thompson"), is a resident of Livonia, New York and at all times material, worked for Defendant in this Judicial District during the applicable statute of limitations.

4. Defendant, G4S SECURE SOLUTIONS (USA) INC.., is a Florida company

authorized and doing business in this Judicial District.

5. At all times material herein, Plaintiff was a non-exempt employee of Defendant, pursuant to 29 U.S.C. § 203(e)(1).

6. Defendant is an employer within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act because it is a company with annual volume of sales of receipts totaling at least $500,000 and its employees are engaged in interstate commerce.

## FACTUAL ALLEGATIONS

7. Plaintiff, JACQUELYN THOMPSON, began her employment with the Defendant in or around May 2014 as a full time Transport Officer.

8. In or around December 2015, Plaintiff was promoted to Site Supervisor and in or around November 2017 promoted to Area Supervisor.

9. The conditional contract established an hourly rate of $21.63 and the schedule was to be 40 hours per week.

10. During the course of Plaintiff's employment as an Area Supervisor, Plaintiff worked over 40 hours per week.

11. Plaintiff was not compensated at the rate of at least one and a half times her regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

12. Plaintiff was not exempt from the overtime provisions of the FLSA. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

13. Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME

14. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

15. The employment of Plaintiff provided for a forty (40) hour work week but throughout her respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

16. At all times material, Defendant failed to comply with 29 U.S.C. § 201 *et seq.*, in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

17. Defendant's failure to pay Plaintiff the required overtime pay was intentional and willful.

18. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, JACQUELYN THOMPSON, respectfully request all legal and equitable relief allowed by law including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

19. Plaintiff requests a jury trial on all issues so triable.

Dated this 25th day of April 2019.

                    **FLORIN, GRAY, BOUZAS, OWENS, LLC**

                    */s/Christopher D. Gray*
                    _____
                    **CHRISTOPHER D. GRAY, ESQUIRE**
                    Florida Bar No.: 902004
                    Primary:  chris@fgbolaw.com
                    Secondary:  debbie@fgbolaw.com
                    **WOLFGANG M. FLORIN, ESQUIRE**
                    Florida Bar No.: 907804
                    wolfgang@fgbolaw.com
                    16524 Pointe Village Drive, Suite 100
                    Lutz, FL 33558
                    Telephone (727) 254-5255
                    Facsimile (727) 483-7942
                    Attorneys for Plaintiff