# SETTLEMENT AGREEMENT AS TO FLSA CLAIMS

This SETTLEMENT AGREEMENT AS TO FLSA CLAIMS (the "Agreement") is entered into between JACQUELYN THOMPSON, ("Plaintiff") and G4S SECURE SOLUTIONS (USA), INC., on behalf of its current and former successors, subrogees, assigns, principals, agents, attorneys, partners, heirs, employees, officers, parents, subsidiaries and affiliates, shareholders, and directors entities in both their individual and representative capacities (collectively "Defendant"), (Plaintiff and Defendant collectively, "the Parties").

WHEREAS, the Plaintiff has alleged that Defendant engaged in unlawful practices under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and filed a civil lawsuit in the U.S. District Court, Middle District of Florida, captioned *Jacquelyn Thompson v. G4S Secure Solutions (USA), Inc., Case No.: 8:19-cv-00997-TPB-CPT* ("the Action").

WHEREAS, the Defendant denies all of the allegations made in the Action. The Parties, though counsel, engaged in good faith, arms-length negotiations to arrive at a fair, adequate, and reasonable resolution of Plaintiff's claims.

WHEREAS, Plaintiff acknowledges and represents that she is fully competent to enter into this Agreement, that she has had a reasonable amount of time in which to consider this Agreement before executing it, that she has been advised by her attorneys about its terms and effect, and that she enters into this Agreement knowingly and voluntarily.

WHEREAS, Plaintiff and her counsel believe that the settlement provided in this Agreement is in the best interest of Plaintiff and represents a fair, reasonable, and adequate resolution of the Action.

WHEREAS, the Parties hereto have agreed to resolve any and all claims the Plaintiff has against Defendant, the Action.

NOW, THEREFORE in exchange for the promises and considerations set forth below, the sufficiency of which is hereby acknowledged, the Parties to this Agreement hereby agree as follows:

1. **Releases:** In exchange for and in consideration of the payment, as set forth in paragraph 2 below, Plaintiff, for herself, her attorneys, heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever acknowledges and agrees that she has been paid all wages (including overtime compensation) and other compensation due to her from Defendant, its subsidiaries, parents, related and affiliated entities and companies, their boards of directors, shareholders, officers, employees, agents, administrators, trustees, attorneys, representatives, and their respective successors and assigns (the "Released Parties"), for any reason, that she has accurately recorded and submitted all hours worked, that there was a bona fide dispute as to the exempt status of Plaintiff's position, and that the compensation reflected herein fully compensates her for any unpaid wages, compensation, and/or overtime she would have been entitled to for her full limitations period.

2. **Monies Paid:** In exchange for and in consideration of the Releases and promises of the Plaintiff in this Agreement, Defendant agrees to pay the total sum of TWENTY

THOUSAND, AND 00/100 DOLLARS ($20,000.00) (the "Payment"), which includes (1) ELEVEN THOUSAND ONE HUNDRED TWENTY THREE AND 00/100 DOLLARS ($11,123.00) to Plaintiff for wages and liquidated damages, and (2) EIGHT THOUSAND EIGHT HUNDRED SEVENTY SEVEN AND 00/100 DOLLARS ($8,877.00) in consideration for attorneys' fees and costs for the FLSA claims (the "Settlement Amount"). The Payment will be tendered as follows, and mailed to Plaintiff's counsel within 21 days of the final Court approval of this settlement.

| | | |
|---|---|---|
| a. | Wages: | $5,561.50 |
| b. | Liquidated Damages: | $5,561.50 |
| c. | Attorneys' Fees and Costs: | $8,877.00 |

In the negotiation and drafting of this Agreement, Plaintiff has been represented by Gregory A. Owens, Esq. of Florin Gray Bouzas Owens, LLC, and Defendant has been represented by Kelly E. Eisenlohr-Moul of Dinsmore & Shohl LLP. The Parties represent that the Plaintiff's attorneys' fees, costs, and expenses, were negotiated and agreed upon separately without regard to the amount paid to the Plaintiff.

3.  **Tax Indemnification:** For purposes of complying with the tax laws of the United States and the State of Florida, Plaintiff understands and agrees that the Payment for non-wage, compensatory, liquidated damages and/or attorneys' fees and costs are not to be considered wages, and the Parties will consistently report and treat these amounts as non-wage damages and expenses. Therefore, Plaintiff will provide Defendant with the appropriate IRS Form W-9 at the time of execution of this Agreement, and Defendant will provide Plaintiff with the appropriate IRS Forms 1099 to be issued for any non-wage damages and payments. Plaintiff understands that any monies deemed to be wage damages will be subject to any federal, state, city, or municipality employment taxes and deductions. In the event that the IRS subsequently determines that any of the settlement amount constitutes taxable income, Plaintiff agrees to be solely responsible for any and all federal, state or other tax liability, without regard to the nature of such tax, which could or may arise as a result of the Payment and further agrees to hold the Released Parties harmless from any claimed tax liabilities arising out of the Payment.

4.  **Dismissal of Action:** Plaintiff agrees that upon the execution of this Agreement, her attorney shall prepare, execute, and file all documents, in form and substance satisfactory to Defendant, proper or necessary to withdraw and otherwise terminate any and all pending suits or claims, in full, with prejudice, to the necessary governmental entities and/or courts, including but not limited to the Action.

5.  **No Admissions of Liability:** The Parties hereto agree that the Payment made to the Plaintiff provides her the full and complete relief of her FLSA claim, and Plaintiff acknowledges that she is not owed any additional compensation, for any reason, from Defendant for hours worked at the Company. This Agreement is not, however, in any way an admission by Released Parties of any allegation, issue, fact or conclusion of law involving, concerning or in any way referencing the Allegations. Rather, Defendant denies having committed any violation of law. Nothing contained in this Agreement, and no act taken pursuant to it, will constitute an admission by Defendant of any liability to Plaintiff or to anyone else because of or growing out of matters set forth in the pleadings of Plaintiff in the Action. In fact, Defendant specifically denies

that it engaged in any improper or unlawful act in connection with any monies paid or allegedly owed to Plaintiff (or any other allegedly similarly situated person). The Parties further acknowledge that Defendant's investigation into Plaintiff's claims of unpaid wages did not produce any evidence that Defendant had underpaid Plaintiff in any respect.

The Parties agree and acknowledge that this Agreement shall not be interpreted to render either Party to be a prevailing party for any purpose, including but not limited to, an award of attorneys' fees under any law. The Parties further agree that, except as provided herein, the Parties are solely responsible for their respective costs and fees incurred as a result of the Allegations.

6. **Warranty of No Assignment and No Bankruptcy:** Plaintiff warrants that she (a) has never filed for bankruptcy at any time since the accrual of her FLSA claim; (b) has the full right to settle and received the Settlement Amount; and (c) has not assigned her FLSA claim to any person and/or entity.

7. **Choice of Law:** The Parties hereto agree that the law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida.

8. **Merger and Severability Clause:** This Agreement, which is four (4) pages long, is effective upon execution, reflects the entire Agreement between the Parties and supersedes all prior or contemporaneous oral or written understandings, statements, representations or promises. This Agreement may not be amended except by written agreement signed by all affected Parties. The Parties agree that if any of the terms of this Agreement are, or become, null, void, unenforceable or inoperative for any reason, such provisions are, and shall be, severable and the remaining provisions of this Agreement are retained in full force and effect.

9. **Counterparts:** This Agreement will be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties. Signatures by facsimile will be deemed as an original signature.

10. **Entire Agreement:** This Agreement may be amended only by written agreement, signed by the Party or Parties to be bound by the amendment. Parol evidence will be inadmissible to show agreement by and between the Parties to any term or condition contrary to or in addition to the terms and conditions contained in this Agreement.

*[signature page to follow]*

**AS TO PLAINTIFF:**

BY: _Jacquelyn Thompson_   DATE _3/9/2020_

**AS TO G4S Secure Solutions (USA), Inc.:**

G4S Secure Solutions (USA), Inc.   DATE _3/12/2020_

BY: _Kadian Blanson_

ITS: _Managing Counsel, Litigation_